UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA CEBREROS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 13-4092 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Veronica Cebreros filed this action on June 6, 2013. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on July 11 and 23, 2013. (Dkt. Nos. 10, 11.) On January 10, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the court reverses the decision of the Commissioner and remands this matter for proceedings consistent with this opinion.

# I.

## PROCEDURAL BACKGROUND

On January 5, 2011, Cebreros filed an application for disability insurance benefits alleging an onset date of December 30, 2010. Administrative Record ("AR") 114. The application was denied initially. AR 22, 56. Cebreros requested a hearing before an Administrative Law Judge ("ALJ"). AR 66. On November 30, 2011, the ALJ conducted a hearing at which Cebreros and a vocational expert ("VE") testified. AR 31-55. On December 9, 2011, the ALJ issued a decision denying benefits. AR 22-27. On March 1, 2013, the Appeals Council denied the request for review. AR 6-10. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.  The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Cebreros has not engaged in substantial gainful activity since December 30, 2010, the alleged onset date.  AR 24.

The ALJ found that Cebreros has the severe impairments of foot warts, keratoma, fifth toe hammertoe, pes planus (flat feet), status post bilateral knee surgery, status post bilateral club foot correction surgery, and generalized osteoarthritis.  *Id.*  She has the RFC to perform sedentary work, "except she can stand and walk for only less than two of eight hours."  *Id.*  She is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform.  AR 26.

### C.  RFC Determination

Cebreros contends the ALJ's RFC assessment is not supported by substantial evidence.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

The RFC determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations. The RFC must contain "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling ("SSR") 96-8p.[2] The ALJ must also explain how he or she resolved material inconsistencies or ambiguities in the record. *Id.* "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted).

The ALJ's RFC determination was that Cebreros can do sedentary work, except she can stand and walk for less than two hours in an eight-hour day. AR 24.

Cebreros argues that she cannot perform sedentary work because her RFC limits her to standing and walking less than two hours in an eight-hour day. JS 4-5. She argues that sedentary work requires a person to be on their feet for approximately two hours. JS 5 (citing SSR 83-10 and 96-9p). The Commissioner argues that Cebreros' RFC permits her to perform sedentary work. JS 6 (quoting SSR 83-10 (sedentary work entails periods of standing or walking of "no more than about 2 hours of an 8-hour workday"), 96-9p ("If an individual can stand and

_____

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

walk for a total of slightly less than 2 hours per 8-hour workday, this, by itself, would not cause the [sedentary] occupational base to be significantly eroded.")). Cebreros counters that SSR 96-9p applies only if the restriction is "slightly" less than two hours per eight hour workday, and the ALJ did not specify how much less than two hours of standing and walking Cebreros could perform during a normal workday. JS 7-8.

Cebreros' reasoning is flawed when she argues that she is unable to perform sedentary work because of her standing and walking limitation. The ALJ found that Cebreros could not perform the full range of sedentary work because of her limitation to standing and walking for less than two hours. AR 26. Accordingly, the ALJ consulted the VE to determine whether there were sedentary jobs that Cebreros could perform with her standing and walking limitation. AR 26-27. The VE testified that representative occupations such as inspector, assembler, and sorter were available.

However, remand for clarification of the RFC determination is appropriate here. In determining the RFC, the ALJ "accepted the limits stated by the treating podiatrist, Dr. Mittleman." AR 25. Dr. Mittleman opined that Cebreros could stand and walk less than two hours per day, could stand five to ten minutes at one time, and could sit for at least six hours.[3] AR 25, 236, 300. The ALJ's RFC determination included only the limitation to standing and walking less than two hours per day. AR 24. It is unclear whether the ALJ rejected Dr. Mittleman's five to ten minutes at a time standing limitation. To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing

---

[3] Sedentary work involves sitting for at least six hours. *See* 20 C.F.R. § 404.1567 ("Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."); SSR 83-10 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.").

reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citations and quotation marks omitted).

Dr. Yu, a consultative examining orthopedic surgeon, opined that Cebreros could stand and walk for two hours in an eight-hour day, could sit up to six hours in an eight-hour day, could occasionally lift 20 pounds and frequently lift 10 pounds, and could occasionally squat, stoop, kneel, crawl, climb, bend, and lift. AR 25, 202. Cebreros needed a cane to walk distances greater than four blocks. AR 202.

The ALJ noted Dr. Yu's opinion and stated that he "accepted the most limiting among the doctors' opinions." AR 26. In making the Step Five finding, the ALJ relied on the VE's testimony that the identified jobs could be performed by a hypothetical person who could stand and walk one and a half hours but no longer than 30 minutes at a time, could rarely crouch, crawl, kneel, or climb stairs, and could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. AR 27.

On remand, the ALJ must clarify the RFC determination.

**D.     Step Five**

Cebreros contends the ALJ erred at Step Five. She argues that the occupations identified by the VE do not exist in significant numbers.

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsbury*, 468 F.3d at 1114. If the Commissioner satisfies this burden, the

6

claimant is not disabled and not entitled to disability benefits.  If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits.  *Id.*  "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do:  (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2."  *Id.*

"'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner bears the burden of establishing that there exists other work in "'significant numbers.'"  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  The Ninth Circuit has never set out a bright line rule for what constitutes a significant number of jobs.  *Id.*

Here, the VE testified that the hypothetical claimant could perform sedentary work, such as inspector, assembler, and sorter.  AR 50-52.  The VE testified that there are 200 inspector jobs in Los Angeles County, and 12,000 inspector jobs nationally; 200 assembler jobs in Los Angeles County, and 3,700 assembler jobs nationally; and 200 sorter jobs in Los Angeles County, and 13,000 sorter jobs nationally.  AR 50.  The ALJ concluded that Cebreros was able to perform jobs that exist in significant numbers in the national economy.  AR 26.  An ALJ may rely on a VE's testimony regarding the number of jobs in a region or the country.  *Bayliss*, 427 F.3d at 1218.

Because this matter is being remanded, the ALJ is free to reassess the analysis at Step Five of the sequential analysis and whether the jobs identified by the VE exist in significant numbers.  *See Beltran*, 700 F.3d at 389 (1266 regional jobs is significant number; 135 regional jobs is not).

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 6, 2014

ALICIA G. ROSENBERG
United States Magistrate Judge